UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Karin Buster,<br>    Plaintiff,<br><br>v.<br><br>City of Wallingford, et al.,<br>    Defendants. | Case No. 3:07cv544 (JBA) |

**RULING ON PLAINTIFF'S MOTION TO REMAND [DOC. # 9]**

Plaintiff Karin Buster initiated this action in Connecticut Superior Court concerning allegedly discriminatory treatment of her at her place of employment with the City of Wallingford, claiming violations of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 et seq. and 42 U.S.C. § 1983 and also alleging intentional and negligent infliction of emotional distress. See Compl. [Doc. # 1]. Defendant timely removed this action to federal court, referencing 28 U.S.C. § 1441, 1443, and 1446. See Notice of Removal [Doc. # 1]. Plaintiff now moves for remand, contending that "defendants have not met their burden to establish the district court's subject matter jurisdiction pursuant to 28 U.S.C. § 1443. Moreover, state courts are forums of concurrent jurisdiction regarding federal questions. Thus, adjudicating in state court the plaintiff's § 1983 claim does not pose any prejudice to the defendants and promotes judicial economy." Mot. to Remand [Doc. # 9].

28 U.S.C. § 1441, the general federal removal statute,

provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b). In addition, 28 U.S.C. § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Plaintiff appears to be correct that § 1443(2) is inapplicable here as there is no allegation in the Complaint which could implicate a claim that defendants refused to enforce state laws on the basis of a good faith belief that doing so would be contrary to federal law; indeed, as plaintiff contends,

2

the objectives of § 1983 and the CFEPA are consistent.  Moreover, defendants do not dispute that Connecticut Superior Court is a court of concurrent jurisdiction competent to adjudicate plaintiff's § 1983 claim.  However, notwithstanding that defendants may not have satisfied the provisions entitling them to § 1443 removal, they have satisfied the requirements for general removal under § 1441(b) by the very fact that plaintiff alleges a federal cause of action in her Complaint, giving this Court original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331.  Thus, defendants' apparently erroneous reference in their Notice of Removal to § 1443 aside, removal appears to have been proper.  Accordingly, plaintiff's Motion to Remand [Doc. # 9] is DENIED.

                                     IT IS SO ORDERED.

                                     /s/
                                Janet Bond Arterton
                                United States District Judge

**Dated at New Haven, Connecticut this 11th day of June, 2007.**