UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Karin Buster,
    *Plaintiff*,

    *v.*

City of Wallingford and Wendy Kudzma,
    *Defendants*.

Civil No. 3:07cv544 (JBA)

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Karin Buster moves for reconsideration of the Court's ruling granting summary judgment in favor of the Defendants.

It is well-settled that a motion for reconsideration is not a vehicle for revisiting "issue[s] already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *RWP Consol., L.P. v. Salvatore*, 534 F. Supp. 2d 364, 365–66 (summarizing the "strict" reconsideration standard). Pursuant to the local rules of this District,

> [m]otions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

D. Conn. L. Civ. R. 7(c)1.

Plaintiff's motion is deficient in every material respect. First, it is untimely. The Court's summary judgment ruling was dated May 30, 2008, and was docketed along with the entry of judgment on June 3. Plaintiff's counsel filed the motion for reconsideration on June 25, well outside the ten-day period Local Rule 7(c)1 prescribes. In fact, counsel recognized this untimeliness and contemporaneously "request[ed] leave nunc pro tunc from the court to file the instant motion." (Pl.'s Mot. Recons. at 1.) However, the motion fails to

comply with the provisions of Local Rule 7(b) requiring counsel to ascertain the position of opposing counsel and to demonstrate the "good cause" which justifies such extension of time.

Second, the grounds for reconsideration are substantively insufficient. Plaintiff targets two aspects of the summary judgment ruling and argues (1) "that there is sufficient evidence in the record, when viewing the totality of the circumstances, [to] raise a genuine issue of material fact of whether there is an objectively hostile work environment"; and (2) that "the court [should] reconsider its dismissal of [Plaintiff's] intentional infliction of emotional distress claim" "in light of the pattern of inappropriate discriminatory conduct displayed by Kudzma." (Pl.'s Mot. Recons. at 2.) But this is no more than a rehashing of stale issues. The parties briefed their hostile-work-environment and intentional-infliction arguments in full and refined their positions at oral argument. Moreover, the Court specifically rejected the same contentions Plaintiff raises now. (Ruling on Defs.' Mot. Summ. J. [Doc. # 40] at 1–3, 5–6, 8–10.) With no showing of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," the Court must adhere to its prior decision. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks omitted).

Accordingly, Plaintiff's Motion for Extension of Time/Reconsideration [Doc. # 42] is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of July, 2008.